UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL SILVA, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>AVIVA PLC, et al.,<br><br>        Defendants. | Case No. 15-cv-02665-PSG<br><br>**ORDER GRANTING-IN-PART MOTION TO SEAL**<br><br>**(Re: Docket No. 68)** |

      Before the court is an administrative motion to file documents under seal. "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[1] Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."[2] Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.[3]

      However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest."[4] Records attached to nondispositive motions therefore are not subject

---

[1] *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)).

[2] *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[3] *Id.* at 1178-79.

[4] *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013).

1
Case No. 15-cv-02665-PSG
ORDER GRANTING-IN-PART MOTION TO SEAL

to the strong presumption of access.[5]  Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c).[6]  As with dispositive motions, the standard applicable to nondispositive motions requires a "particularized showing"[7] that "specific prejudice or harm will result" if the information is disclosed.[8]  "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.[9]  A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed,[10] but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.[11]

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5.  Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law."  "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)."[12]  "Within 4 days of the filing of the Administrative

---

[5] *See id.* at 1180.

[6] *Id.* at 1179 (internal quotations and citations omitted).

[7] *Id.*

[8] *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).

[9] *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

[10] *See Kamakana,* 447 F.3d at 1179-80.

[11] *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

[12] Civ. L.R. 79-5(b).  In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed

Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."[13]

With these standards in mind, the court rules on the instant motion as follows:

| **Document to be Sealed** | **Result** | **Reason/Explanation** |
|---|---|---|
| Plaintiffs' Opposition to Motion to Dismiss for Lack of Personal Jurisdiction | UNSEALED | Designating party has indicated that designated portions need not be sealed.[14] |
| Plaintiffs' Opposition to Motion to Transfer | UNSEALED | Designating party has indicated that designated portions need not be sealed.[15] |
| Declaration of Sean R. Matt in Support of Plaintiffs' Oppositions to Motions | UNSEALED | Designating party has indicated that designated portions need not be sealed.[16] |
| Exhibit 2 to the Matt Declaration | SEALED | Narrowly tailored to confidential business information. |

---

order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d).

[13] Civ. L.R. 79-5(e)(1).

[14] *See* Docket No. 75 at ¶ 13.

[15] *See id.* at ¶ 14.

[16] *See id.* at ¶ 15.

3
Case No. 15-cv-02665-PSG
ORDER GRANTING-IN-PART MOTION TO SEAL

| Exhibit 3 to the Matt Declaration | UNSEALED | Not narrowly tailored to confidential business information.  Portions of document contain public information. |
|---|---|---|
| Exhibit 4 to the Matt Declaration | SEALED | Narrowly tailored to confidential business information. |
| Exhibit 5 to the Matt Declaration | UNSEALED | Not narrowly tailored to confidential business information.  Portions of document contain public information. |
| Exhibit 6 to the Matt Declaration | UNSEALED | Designating party has indicated that document need not be sealed.[17] |
| Exhibit 8 to the Matt Declaration | UNSEALED | Designating party has indicated that document need not be sealed.[18] |
| Exhibit 9 to the Matt Declaration | SEALED | Narrowly tailored to confidential business information. |
| Exhibit 10 to the Matt Declaration | SEALED | Narrowly tailored to confidential business information. |
| Exhibit 11 to the Matt Declaration | SEALED | Narrowly tailored to confidential business information. |
| Exhibit 12 to the Matt Declaration | UNSEALED | Designating party has indicated that document need not be sealed.[19] |

---

[17] *See id.* at ¶ 5.

[18] *See id.* at ¶ 6.

[19] *See id.* at ¶ 9.

Case No. 15-cv-02665-PSG
ORDER GRANTING-IN-PART MOTION TO SEAL

4

| | | |
|---|---|---|
| Exhibit 13 to the Matt Declaration | UNSEALED | Designating party has indicated that document need not be sealed.[20] |
| Exhibit 17 to the Matt Declaration | UNSEALED | Designating party has indicated that document need not be sealed.[21] |
| Exhibit 19 to the Matt Declaration | SEALED | Narrowly tailored to confidential business information. |
| Exhibit 23 to the Matt Declaration | UNSEALED | Designating party has indicated that document need not be sealed.[22] |
| Exhibit 24 to the Matt Declaration | SEALED | Narrowly tailored to confidential business information. |

**SO ORDERED.**

Dated: November 18, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[20] *See id.* at ¶ 9.

[21] *See id.* at ¶ 9.

[22] *See id.* at ¶ 11.